NAME  Loren Morgan

PRISON NUMBER  C-94621

CURRENT ADDRESS OR PLACE OF CONFINEMENT
P.O. Box 705, WA-346L
CTF-Soledad
CITY, STATE, ZIP CODE
Soledad, CA 93960



FILED

2008 APR 11  PM 3:54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

2254 ___ 1983

FILING FEE PAID
Yes ___  No ✓

IFP MOTION FILED
Yes ___  No ✓

COPIES SENT TO
Court ✓  ProSe ___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

E-filing  CV 08   2866

'08 CV 0661 JAH NLS  (PR)

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

(FULL NAME OF PETITIONER)
**PETITIONER**
Loren Morgan
        v.

Ben Curry, Warden

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**
        and

The Attorney General of the State of
California, Additional Respondent.

### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

California Supreme Court
San Francisco California
2. Date of judgment of conviction:    February 13, 2008

3. Trial court case number of the judgment of conviction being challenged: CR68986

4. Length of sentence:     15 Years to Life

CIV 68 (Rev. Dec. 1998)                    ::ODMA\PCDOCS\WORDPERFECT\22833\1

5.  Sentence start date and projected release date:   Unknown

6.  Offense(s) for which you were convicted or pleaded guilty (all counts):

    Aiding and Abetting Second Degree Murder

7.  What was your plea? (CHECK ONE)
    (a) Not guilty
    (b) Guilty
    (c) Nolo contendere

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury
    (b) Judge only

9.  Did you testify at the trial?
       Yes      No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
       Yes      **No**

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result:
    (b) Date of result, case number and citation, if known:

    (c) Grounds raised on direct appeal:

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result:
    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result:

    (b) Date of result, case number and citation, if known:

    (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
    Ⓧes    No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: S155551

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
                  Due Process Violation by Boar
                  Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes    Ⓧo

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
    Ⓧes    No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: Unknown

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:

       Due Process Violation and Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
       ☐ Yes ☒ No

    (e) Result: _____

    (f) Date of result: _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    x̶X̶es̶   N̶o̶

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: Unknown

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:

       Due Process and Plea Breach

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

       ☐ Yes ☒ No

    (e) Result: _____

    (f) Date of result: _____

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

### COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    Yes    No    (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed?
        (i) What was the prior case number? ___02 cv 02300 DMS NLS___
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☒ Dismissed for procedural reasons?
        (iii) Date of decision: ___11/17/03___
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☒ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☒ No

### CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   **(a) GROUND ONE:**

> Please see attached memo brief for arguments
> (Attached are Grounds One and Two)

**Supporting FACTS** (state *briefly* without citing cases or law)

**Did you raise GROUND ONE in the California Supreme Court?**
   X̶e̶s̶   No.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ L. Morgan C-94621 _____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

_____ CTF-Soledad _____ Prison,

in the county of _____ Monterey _____,

State of California. My prison address is: _____ P.O. Box 705, Wa 346L, _____,

_____ Soledad, CA 93960-0705

On _____ 3/27/2008 _____,
                              (DATE)

I served the attached: _____ Petition for writ of Habeas Corpus _____

_____ Challenging Due Process violations _____
                        (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Office of Attorney General
110 W. A Street # 1100
P.O. Box 85266
San Diego, CA 92186-5266
Crimnal Law Division

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on ___ 3/27/2008 ___          _____
                  (DATE)                      (DECLARANT'S SIGNATURE)

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

     XeskX    No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: ___Superior Court of Monterey___

    (b) Case Number: _HC 6023_

    (c) Date action filed: 12/21/07

    (d) Nature of proceeding: ___Habeas Corpus___

    (e) Grounds raised:

        ___Due Process / Illegal Re-Characterizing of Sentence___

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

   Yes    xNo

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

   Yes    xNo

   (a)  If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b)  Give date and length of the future sentence: _____

   _____

   (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:

   3/27/2008 _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

3/27/2008
_____         _____
(DATE)                                SIGNATURE OF PETITIONER

1  L. Morgan, C-94621
   C.T.F. - North
2  P.O. Box 705, WB-108L
   Soledad, CA 93960-0705
3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11
   L. MORGAN              )        PETITION FOR WRIT OF
12                        )        HABEAS CORPUS
           Petitioner     )
13                        )
       v.                 )
14                        )
   A.P. KANE, Warden,     )
15                        )
           Respondent.    )
16  _____)

17

18      Comes now the Petitioner L. Morgan (hereinafter

19  Petitioner) to appeal the California Supreme Court's DENIAL

20  of petition of writ of habeas corpus after the Sixth (6th)

21  Denial of Parole from the Board of Prison Hearings which

22  took place on October 25, 2005 (see attached February 13,

23  2008 En Banc Order Denying petition for writ of habeas

24  corpus) and to secure and enforce reasonable application

25  of established law. The Petitioner strives to prove to this

26  Court how the Board violates the Petitioner's due process

27  rights and how the People of California for the County of

28                              1

1  San Diego have, and continues to breach and violate their

2  contractual plea agreement with the Petitioner.

3  In the Supreme Court's one sentence DENIAL it cites

4  People v. Duvall (1995) 9 Cal.4th 464, 474; In re Miller

5  (1941) 17 Cal.2d 734 without explanation.

6  The Petitioner states under the penalty of perjury that

7  during the life-span of this petition the Petitioner has

8  been transferred, forced to send out five(5) thirty(30)

9  pound boxes of property (including legalwork), have endured

10  institutional flooding which resulted in lost of paperwork,

11  and went "out to court" to testify on behalf of the People

12  of San Diego. The Petitioner respectfully requests that

13  **this Court** (please) refer to all previously submitted

14  **Superior Court Exhibits as referenced below, for the**

15  Petitioner has lost referenced Exhibits.

16                          CASE HISTORY

17  On about October 16, 1984, on the insistent advise of

18  trial counsel and on the promises of the representative

19  of the People of the City of San Diego, the Petitioner Plead

20  guilty to Aiding & Abetting Second degree murder in exchange

21  for what the Petitioner believe was a 15 year sentence that

22  carried a 10 year minimum. See Superior Court Exhibit "C",

23  April 2000 Letter from Trial Counsel. At the time of the

24  plea agreement the Petitioner was 18 years old. The

25  Petitioner's age is at issue with the understanding of the

26  plea agreement (Petitioner had a 7th grade understanding).

27  Please see In re Perez (1966) 53 Cal.Rptr 414.

28                              2

## GROUND ONE

THE BOARD HEARING VIOLATED THE PETITIONER'S DUE PROCESS

AND THE BOARD'S PAROLE DENIALIS SUPPORTED BY NO EVIDENCE

On October 25, 2005, the Petitioner appeared before the Board of Prison Hearings (hereinafter Board), whereas he was denied parole for the sixth time (See Superior Court Exhibit "B" 2005 Hearing Transcripts). The Petitioner asserts that at this 2005 Board Hearing he was denied his fundamental due process rights because the Board continuously uses unchanging factors about the Petitioner even after 21 years:

1. The Commitment Offense (Exhibit "B" H.T. p. 75).

The language that is used to deny Petitioner on his crime re-characterizes his sentence beyond the plea agreement "Aiding and Abetting Second Murder" to an extremely higher degree, as described by Magistrate Judge Terry Hatter in Kunkler v. Muntz, CV05-5473 (TJH-E)(2006)) where that Court states: "the Governor have effectively converted Kunkler's original sentence, one which provided for parole eligibility, into a sentence for life in prison without the possibility of parole. Kunkler's attempts at parole in the future, even if he is determined to exhibit exemplary behavior, are rendered meaningless. Kunkler has no hope for obtaining parole unless the BPT (or Governor) holds that his crime was not serious enough to warrant a denial of parole. But since the seriousness of the crime is undisputed, the possibility of parole in this case is

1  almost non-existent (citing Irons v. Warden, 358 F.Supp.2d
2  947 (E.D. Cal. 2005)(No.))..." What hope does the Petitioner
3  have if his crime is going to be used at, literally, every
4  hearing he participates in to deny his parole? This violates
5  the warning in Biggs v. Terhune, 334 F.3d 910, 914-915 (9th
6  Cir. 2003) where it states that a continual reliance on
7  the crime would result in a due process violation. If an
8  evidentiary hearing is granted the Petitioner can prove
9  that his crime was used to deny him parole at his 1st, 2nd,
10  3rd, 4th, 5th, and 6th parole consideration hearing. Surely
11  this is a violation of Biggs, supra. Also see Kring v.
12  Missouri (1883) 2 S.Ct. 443, 444, 107 US 221-224 and Green
13  v. United States (1957) 355 US 184, 190 7 S.Ct. 221-225:
14  ILLEGAL RE-CHARACTERIZING OF SENTENCE.

15      2. Their finding that the Petitioner lacks a sufficient
16      amount of self help therapy (See Superior Court Exhibit
17      "B" p. 39),

18  Petitioner expressed to the Board with physical evidence
19  that his music and writing is the source of his self help
20  therapy.

21      3. Their finding that the Petitioner is "unpredictable".
22  This is a statement by the Board that OVERRIDES the
23  Psychologist's favorable release analysis of the Petitioner.
24  See page 56 of Superior Court Exhibit "B" H.T., where the
25  Board states into the record that the doctor concludes that
26  Petitioner's "prognosis is positive for being able to
27  maintain his present gains in the community upon parole."
28  And, on page 57, "....If released to the community violence

1  potential is estimated to be no more than the average citizen

2  in the community." This satisfies the "public safety"

3  concerns of Cal. Penal Code section 3041(b) stated in the

4  Ninth Circuit's Hayward v. Marshal, (2008 DJDAR 93 at page

5  96) where it states: "For our purposes, then, "the test

6  is not whether some evidence supports the reasons the

7  Governor cites for denying parole, but whether some evidence

8  indicates a parolee's release unreasonably endangers public

9  safety." The ninth Circuit cites the spirit of In re scott,

10  133 Cal.App. 4th at 591:.... "the overarching consideration,

11  is 'public safety.'citing Cal. Penal Code sect. 3041 (b)."

12  On what evidence and authority the Board overrides the

13  PHD's analysis?

14      4.   Their finding that the Petitioner has a "unstable

15         social history.

16  The Petitioner can not change his social history, therefore

17  **this violates** Biggs, supra.

18      5.   Their finding that the Petitioner "has not been

19         participating in substance abuse programming".

20  An evidentiary hearing will prove that the Petitioner has

21  participated in substance abuse programming (A/A) for over

22  seven years (against his religious convictions).

23  Additionally, the Petitioner's psych-report states that

24  the Petitioner would benefit from a substance abuse program

25  when he is released. See Superior Court Exhibit "C" H.T.

26  p. 57.

27      6.   Their finding that the Petitioner has no (Board

28         approved) vocation, or marketable skills.

See Superior Court Exhibit "B" H.T. p. 77. The Petitioner
introduced three (3) feature length movies, over ninety
(90) songs, a novel, numerous contacts (packet) regarding
shelters, rehabilitational homes, and numerous job
opportunities that his brother found for him (See Superior
Court Exhibit "G" BPT Presentation). Every transcribed
mention of Petitioner's Movies, Songs, or Novel has been
deemed "(indiscernible)" (see Exhibit "B" H.T. pages 24,
25, 27, 54, and Lines 1, 5, 7 of page 55).
Aren't "Writers", "Song Writers", and "Musicians" vocations
worthy of "Marketable Skills"?

7.    Their findings that the Petitioner has not worked
on his own personal rehabilitation, moreover, that he needs
to "...gain insight, in gaining in the ability to
function on the outside or in the even making parole plans."
See Superior Court Exhibit "B" H.T. p. 77. See Superior
Court Exhibit "R" Support Letter and proof of the
Petitioner's brother **close contact**. And, as for "...gain
insight, in gaining in the ability to function on the
outside; all the Board need to do is release the Petitioner
in order to make a legitimate statement regarding this
aspect.

8.    And, finally, their findings that the Petitioner
has stopped his programming.
See Superior Court Exhibit "B" H.T. p. 77. This statement
is a falsity. If the Petitioner stopped his programming
he would not be allowed to have his Television, Guitar,
Typewriter, and Walkman. He would be placed on "C-Status"

1 │ and all of the previous stripped away from him.

2 │ <center>PUBLIC SAFETY</center>

3 │ The most important (according to the 9th Circuit) factor
4 │ to consider at the hearing is supposed to be 'public safety".
5 │ "Even though these suitability and unsuitability factors
6 │ are helpful in analyzing whether a prisoner should be granted
7 │ parole, California courts have made clear that the 'findings
8 │ that are necessary to deem a prisoner unsuitable for parole,'
9 │ Irons, 2007 WL 2927359, at *3, are not that a particular
10 │ factor or factors indicating unsuitability exist, but that
11 │ a prisoner's release will unreasonably endanger public
12 │ safety. In re Dannenberg, No. H030031, 2007 WL 3403290,
13 │ at *9 (Cal. Ct. App. Nov. 15, 2007), modified, 2007 WL
14 │ 4227229 (Cal. Ct. App. Dec. 3, 2007); In re Lee, 143 Cal.
15 │ App. 4th 1400, 1403 (Cal. Ct. App. 2006); In re Scott, 133
16 │ Cal. App. 4th 573, 595 (Cal. Ct. App. 2005) see Cal. Penal
17 │ Code sect. 3041(b) (providing that the Board "shall set
18 │ a release date unless... consideration of the public safety
19 │ requires a more lengthy period of incarceration for this
20 │ individual")." (Hayward v. Marshall, 2008 DJDAR 93 (No.
21 │ 06-55392 D.C. CV-06-072393AF(CT) U.S. Court of Appeals Ninth
22 │ Circuit)

23 │ Further, the Ninth Circuit aggressively states: "For
24 │ our purposes, then, 'the test is not whether some evidence
25 │ supports the reasons the Governor cites for denying parole,
26 │ but whether some evidence indicates a parolee's release
27 │ unreasonably endangers public safety. Some evidence of the
28 │

1 | existence of a particular factor does not necessarily equate
2 | to some evidence the parolee's release unreasonably endangers
3 | public safety.' Lee, 143 Cal.App. 4th at 1400 (citations
4 | and footnote omitted); see also In re Elkins, 144 Cal.App.
5 | 4th 475, 499 (Cal. Ct.App. 2006) (holding that the 'governor,
6 | in reviewing a suitability determination, must remain
7 | focused... on facts indicating that release currently poses
8 | 'an unreasonable risk of danger to society'' (citing Cal.App.
9 | 4th at 591 ('The factor statutorily require to be considered,
10 | and the overarching consideration, is 'public safety.''
11 | (citing Cal. Penal Code sect. 3041 (b)))."  ...."Is restated
12 | this point in Irons, noting that 'in some cases, indefinite
13 | detention based solely on an inmate's commitment offense,
14 | regardless of the extent of his rehabilitation, will at
15 | some point violate due process, given the liberty interest
16 | in parole that flows from relevant California statutes.'
17 | Irons, 2007 WL 2027359, at *6. 'The commitment offense can
18 | negate suitability only if **circumstances** of the crime
19 | reliably established by evidence in the record' rationally
20 | indicate that the offender will present an unreasonable
21 | public safety risk if released from prison.' Scott, 133
22 | Cal.App. 4th at 595." There is no evidence in the record
23 | or off the record that shows that the Petitioner would pose
24 | an unreasonable risk to the public safety if released from
25 | prison. Not if you count writing a couple of bad songs.
26 | THE BOARD IS MANDATED TO CONSIDER ALL RELEVANT EVIDENCE
27 | Also, the Board is mandated to consider all relevant
28 |

1  evidence during the Petitioner's hearing. Yet, when the
2  board reads into the record Petitioner's objections regarding
3  his plea agreement, the commissioner stated the lack of
4  concern of the Petitioner' Plea Agreement. See Superior
5  Court Exhibit "D" H.T. p. 7. This also violates the
6  Petitioner's due process rights and establish law set forth
7  by the U.S. Supreme Court and 9th Cir case law. Corbitt
8  v. New Jersey ((1978) 439U.S. 212, 223-224, 99 S.Ct 492,
9  58 L.Ed.2d 466, 476-477) establishes a difference between
10 a "Plea Agreement Sentence" and a "Guilt by jury Sentence".
11 It states that, "The system of plea bargaining permits a
12 proper amount of leniency in return for pleas, leniency
13 that is denied if one goes to trial. In this sense the
14 standard of punishment is necessarily different for those
15 who plead, that fact itself is a consideration that is not
16 present when one is found guilty by a jury." The Petitioner
17 has not been afforded this "Leniency or difference by the
18 **Board. Based on** the fact that the Petitioner was denied
19 three (3) years at his 5th hearing when he had twenty-one
20 (21) years of incarceration, the Petitioner's sentence has
21 in fact been converted to a Life Without Sentence by the
22 Board. This grossly violates the Petitioner's due process
23 rights, Cal. Penal Code section 1192.1 through 1192.3,
24 Santobello v. New York supra.
25
26
27
28

GROUND TWO

PREVIOUS PLEA BREACH WRIT

On 12/13/02, the Petitioner filed for writ of habeas corpus in this Court (case no. 02-cv-02300-DMS-NLS). The Petitioner's writ was based on Plea Breach by the People of San Diego, the Petitioner's county of commitment. An Order to Show Cause was issued by the Court. On 11/17/03, the Court DENIED the petition, STATING that because of the AEDPA One (1) Year Statute of Limitation the Petitioner filed his petition thirty (30) days too late. On 1/13/2003, Petitioner filed a petition for Re-Hearing based on newly found evidence that shows that the Court's 11/13/2003 Order was issued contrary to established Supreme Court law. On 1/23/2003, U.S. District Court Judge Sabraw issued an Order to REJECT the petition for Re-Hearing based on the Petitioner's Case being CLOSED as of 11/13/2003. Subsequently, the Petitioner filed a "60 (b) motion which was also REJECT on 3/3/03 (Please see Exhibit Attachments Orders.). These petition Rejections goes against all Plea Violation rulings and supports a major miscarriage of just

DUE DILIGENCE

Since the 11/17/2003 Order to DENIED the Petitioner's petition, the Petitioner has been exercising due diligence in between other court cases ("Late to the Board" habeas (Northern District Court no. C062173 MHP (PR)) and "Parole Denial" (State Supreme Court no. S155551) (These orders are not available due to institutional flooding and transfer)

to prevail in his Plea Breach case. The result of this is
the Petitioner has the right to now Re-Challenge the Court's
2003 Order to CLOSE the Petitioner's case.

The Petitioner now argues that when the 2003 Court issued
it's Order it committed legal error by following the
Antiterrorism and Effective Death Penalty Act's (28 U.S.C.
Section 2244 (d)) (AEDPA) One (1) Year Time Limit instead
of the California Code of Civil Procedure's (CCCP) Four
(4) Year Time Limit. Petitioner asserts and argues that
the Court's judgment CLOSING Petitioner's case was improper
and was an unreasonable application of federal law under
the reasoning of BUCKLEY v. TERHUNE (9th Cir. 2006) no.
03-55045 D.C. cv-00-02435-JSL), were it states: "The state
court's failure to interpret Buckley's plea agreement
according to California contract law resulted in a decision
that was contrary to established Supreme Court law as set
forth in Santobello v. New York, 404 U.S. 257 (1971), and
Rickets v. Adamson, 483 U.S. 1 (1987)." (id at p. 2014)
See also United States v. De La Fuente, 8 F.3d 1333, 1337
(9th Cir. 1993), where it states: "Plea agreements are
contractual in nature and are measured by contract law
standards." The Court's 2003 Order was improperly issued
because it was not issued in the meaning of Contract law
standards, which means the use of **the California** Code of
Civil Procedure section 337 (see attached copy of the CCCP
section 337), or section 339. If the Court's Order had been
issued in the meaning of "Contract Law Standards" the Court

1  would not have ruled according to the AEDPA's One (1) Year
2  Statute of Limitation (that the Petitioner had filed Thirty
3  (30) Days late).

4                    CONTRACT LAW STANDARDS

5      The standard for contract law in California is the
6  California Code of Civil Procedure. Nowhere in the Court's
7  2003 Order does it cite any portion of the California Code
8  of Civil Procedure. Section 337 (3.) of the CCCP, states
9  in relevant parts:  "Four years; written contract;...."
10 "....rescission of written contract". "An action based upon
11 the rescission of a contract in writing. ... Where the ground
12 for rescission is fraud or mistake, the time does not begin
13 to run until the discovery by the aggrieved party of the
14 facts constituting the fraud or mistake."

15     Why was the "AEDPA" used as a measuring tool to decide
16 the Petitioner's "Plea" case when the United States Supreme
17 Court has ruled that "Contract Law Standards" are to be
18 used? Petitioner argues "Contract Law Standards" were not
19 used in deciding to CLOSE THE CASE of the Petitioner's 2003
20 petition even though it was bound by the U.S. Supreme Court
21 to do so. This created an injustice and resulted in the
22 Court rendering a decision that constituted a clear
23 error within the meaning of Portobello v. New York, supra;
24 Ricketts v. Adamson, supra; U.S. v. De La Fuente supra.

25     The Petitioner challenges and asserts that:  Any ORDER
26 that REFUSED to base a "Plea Violation" ground ruling on
27 the California Code of Civil Procedure section 337 or 339,

28

1    which is the very core and the totality of "Contract Law
2    Standards" as referred to by the U.S. Supreme Court, SHATTERS
3    the very fundamental elements and principles of the Supreme
4    Court's ruling in SANTOBELLO, supra, and subsequently the
5    Petitioner's U.S. Constitutional right to equal protection.
6    The former Order becomes ARBITRARY. How can, and why would
7    a court rule that it is okay to DISREGARD and IGNORE the
8    Supreme Court's Contract Law Standards Order in the
9    Petitioner's Plea Violation claim/ground unless the ruling
10   is arbitrary?

11       The Petitioner is baffle at the past ruling disregarding
12   SANTOBELLO and begs this Court's explanation if it rules
13   in favor of the 2005 Order denying the Petitioner's petition
14   based on the AEDPA one year statute on limitation (which
15   is state habeas procedures) instead of the California Code
16   of Civil Procedure's four year statute of limitation (which
17   is California Contract Law Standards).

2.    Appoint Counsel for the Petitioner;

3.    Grant any and everything else this Court finds

correct and just in the interest of justice;

Submitted this 27th day of March at CTF-Soledad, in the

County of Monterey.

Loren Morgan,
Petitioner in pro per

## CONCLUSION

WHEREFOREE, the Petitioner prays that this Court GRANTS his Petition for writ of habeas corpus for the following reasons:

1.    Because this Court finds that the "The Board did not have any evidence to support the Petitioner's denial of parole, violating his Due Process rights," and, that "The Petitioner has served an excess of Nine Years past his Legal sentence of Aiding and Abetting Second Degree Murder, and has serve the High-Mid Range of a *First Degree Murder Sentence*," and Orders the Petitioner's prompt release from the custody of the Board of Prison Hearings and California Department of Corrections and Rehabilitation, without the confines of parole;

2.    Because this Court finds that "The *2003 Order* Denying the Petitioner's petition for writ of habeas corpus was issued in error because the decision was not based on Contract Law Standards (California Code of Civil Proceedure Section 337 Contract Breach / Contract Fraud, etc.) as mandated by the Unites States Supreme Court in *Santobello, supra.*, resulting in a miscarriage of justice and Orders the Petitioner's prompt release from the custody of the Board of Prison Hearings and California Department of Corrections and Rehabilitation."

### PRAYER FOR RELIEF

1.    Ordering an Evidentiary Hearing on the assertions stated herein;

S155551

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re LOREN MORGAN on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Miller* (1941) 17 Cal.2d 734.)

SUPREME COURT
FILED

FEB 1 3 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Loren Morgan

FILING FEE PAID
Yes     No
IFP MOTION FILED
Yes     No
COPIES SENT TO
Court

**FILED**

2008 APR 11  PM 3: 54

Ben Query, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Loren Morgan
PO Box 705
Soledad, CA 93960
C-94621

**ATTORNEYS (IF KNOWN)**

**'08 CV 0661 JAH NLS**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappoinment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | **DEMAND $** | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|

| **VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE | | Docket Number |
|---|---|---|

| DATE   April 11, 2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|