FILED
OCT 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LOREN MORGAN,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

No. C 08-2866 MHP (pr)

**ORDER OF DISMISSAL**

This action was commenced when Loren Morgan filed a petition for writ of habeas corpus to challenge an October 25, 2005 decision of the Board of Parole Hearings finding him not suitable for parole. He claims, among other things, that the decision is a violation of his plea agreement in 1984 in San Diego County Superior Court. This is not Morgan's first petition challenging the 2005 parole denial decision. He also challenged it in 2006 in Morgan v. Kane, No. C 06-2178 MHP, in which he alleged that the parole denial was a breach of his plea agreement. That action was dismissed as barred by the habeas statute of limitations, see 28 U.S.C. § 2244(d).

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). This requirement applies even when the previous petition was dismissed as barred by the statute of limitations. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005).

Morgan has not obtained the necessary order from the Ninth Circuit permitting him to file a second or successive petition. This court will not entertain a new petition from Morgan until he first obtains permission from the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Morgan filing a petition in this court after he obtains the necessary order from the Ninth Circuit.

If Morgan wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

IT IS SO ORDERED.
DATED: October 22, 2008

Marilyn Hall Patel
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LOREN MORGAN,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-02866 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Loren Morgan C-94621
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: October 23, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk